## LEAVELL ET AL v. DONEY ET AL.

[No. 8,593.    Filed June 25, 1915.    Rehearing denied February 18, 1916.    Transfer denied April 6, 1916.]

From Laporte Circuit Court; *James F. Gallaher*, Judge.

Action by Jennie Doney and others against Thomas J. Leavell and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*Hickey & Wolfe*, for appellants.
*Weir & Worden*, for appellees.

HOTTEL, J.—This is an action begun by· appellees to quiet title to certain real estate in Laporte County. The land in controversy lies along the Kankakee River, between the meander line and the channel of the river. The appellees Jennie Doney and Viola Doney, who were the plaintiffs below, claim title to such real estate by reason of their ownership of the lots and tracts of land abutting on the meander line of such river, under the doctrine of riparian ownership, while the appellants claim title by purchase from the State.

There was a trial by the court and a special finding of facts and conclusions of law in favor of appellees. Appellants' motion for a new trial was overruled and judgment rendered on the finding. The errors assigned and relied on for reversal challenge the ruling on the motion for new trial and the court's conclusion of law No. 1. The conclusion of law is as follows: "That the law is with the

plaintiffs; that they are the legal owners in fee simple of the real estate described in the complaint, and are entitled to have their title to the same quieted as against the defendants."

The facts found by the court show that appellants' claim of title to the land in controversy is substantially the same as that of the appellant in the case of *State* v. *Tuesburg Land Co.* (1916), *ante* 555, 109 N. E. 530, 111 N. E. 342, and that the law announced as applicable in that case is applicable and controlling in this case. The law as there announced authorizes and requires a reversal of the instant case and a restatement by the trial court of its conclusions of law. On the authority of that case the judgment below is reversed with instructions to the trial court to restate its conclusions of law in accord with the opinion on which this reversal is based and, to render judgment accordingly.

Shea, C. J., Ibach, P. J., and Moran, Felt, JJ., concur. Caldwell, J., not participating.